# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Charles L. Pearcy IV,
Petitioner Below, Petitioner

vs) No. 16-0206 (Harrison County 15-C-509-3)

Karen Pszczolkowski, Warden,
Northern Correctional Center,
Respondent Below, Respondent

**FILED**

**January 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Charles L. Pearcy IV, by counsel Jason T. Gain, appeals the Circuit Court of Harrison County's January 15, 2016, order denying his petition for writ of habeas corpus. Respondent Karen Pszczolkowski, Warden, by counsel David A. Stackpole, filed a response. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in denying his petition for habeas relief.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2005, a Harrison County grand jury indicted petitioner on one count each of burglary, assault during the commission of a felony, and attempted abduction with the intent to defile. Following a jury trial, the jury found petitioner guilty on all three counts. In January of 2006, the circuit court sentenced petitioner to a cumulative term of incarceration of two to twenty-five years.[1]

In June of 2013, petitioner, pro se, filed his first petition for writ of habeas corpus. Thereafter, the circuit court appointed counsel who filed an amended petition. In that petition, petitioner argued the following grounds for post-conviction relief: prejudicial pre-trial publicity, denial of counsel, ineffective assistance of counsel, irregularities in arrest, refusal in arrest, refusal to subpoena witnesses, non-disclosure of grand jury minutes, constitutional errors in evidentiary hearings, instructions to the jury, insufficiency of the evidence, and improper calculation of time served. In regard to petitioner's claims of ineffective counsel, he argued that counsel and/or co-counsel failed to adequately meet with him, failed to provide him with full discovery, failed to subpoena witness, failed to appropriately prepare for hearings. and failed to

---

[1]Petitioner's direct appeal was refused by this Court in March of 2007.

1

follow court rules, and that lead counsel was impaired. In 2014, the circuit court held an omnibus evidentiary hearing, during which the circuit court explained that any ground for relief that was not raised in this first habeas petition, would be deemed permanently waived. By ordered entered on December 14, 2015, the circuit court granted petitioner habeas relief insofar as his effective sentence date was incorrect; but denied all other grounds for relief.[2]

On December 23, 2015, petitioner, pro se, filed his second petition for writ of habeas corpus. In this petition, petitioner again argued that he received ineffective assistance of trial counsel. Specifically, petitioner alleged that defense counsel failed to conduct an investigation and failed to call any witnesses or introduce any evidence. Petitioner also argued that, if counsel had explained that the State was not required to prove his guilt beyond a reasonable doubt, he would have accepted the State's plea offer. Petitioner also filed a motion for appointment of counsel. The following month, respondent filed a motion for summary judgment alleging that petitioner's allegations of ineffective assistance of trial counsel, which were raised in his first petition, were res judicata. By order entered on January 15, 2016, the circuit court summarily denied petitioner's second habeas petition. The circuit court found that petitioner waived the grounds for ineffective assistance of counsel in his second habeas petition because he failed to raise them in his first petition. The circuit court also briefly addressed petitioner's additional claim of ineffective counsel and found that he was not entitled to relief. This appeal followed

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

While petitioner raises three assignments of error on appeal, the dispositive issue is whether the circuit court failed to construe petitioner's pro se petition for writ of habeas corpus as alleging that received ineffective assistance of habeas counsel. We disagree.

*Pro se* pleadings and motions are held to less stringent standards than those drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978). "Allegations, however inartfully pleaded, are sufficient to call for an opportunity to offer supporting evidence, unless it is "'beyond doubt'" that the claimant could prove no set of facts entitling him to relief." *Cruz v. Beto,* 405 U.S. 319 (1972), *quoting Conley v. Gibson,* 355 U.S. 41, (1957).

---

[2]Petitioner did not appeal the circuit court's December 14, 2015, order.

Having liberally reviewed petitioner's pro se habeas petition, it is clear that petitioner's second habeas petition pleads similar allegations of ineffective assistance that were raised in his first habeas petition. Petitioner's arguments specifically relate to the ineffective assistance of trial counsel given that petitioner unambiguously references trial counsel and co-counsel by name and lists their alleged ineffective conduct throughout the underlying criminal proceedings. Therefore, we concur with the circuit court's finding that the issues raised in petitioner's second habeas petition are res judicata.

Accordingly, we find no error in the circuit court's January 15, 2016, order summarily denying petitioner's pro se petition for writ of habeas corpus. Pursuant to West Virginia Code § 53-4A-3(a),

> [i]f the petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the record in the proceedings which resulted in the conviction and sentence, or the record or records in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or the record or records in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence . . . show to the satisfaction of the court . . . that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall by order entered of record refuse to grant a writ, and such refusal shall constitute a final judgment.

Further, we have previously held that

> "A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively." Syllabus Point 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

Syl. Pt. 2, *Markley v. Coleman*, 215 W.Va. 729, 601 S.E.2d 49 (2004). This Court has also stated that

> a defendant who has not proffered a particular claim or defense in the trial court may not unveil it on appeal. Indeed, if any principle is settled in this jurisdiction, it is that, absent the most extraordinary circumstances, legal theories not raised properly in the lower court cannot be broached for the first time on appeal.

*State v. Miller*, 197 W.Va. 588, 597, 476 S.E.2d 535, 544 (1996). As fully set forth in the circuit court's January 15, 2016, order denying the amended petition, all the grounds raised therein were barred by res judicata. Our review of the record supports the circuit court's decision to summarily deny petitioner post-conviction habeas corpus relief based on errors that were previously waived. The circuit court's order includes well-reasoned findings and conclusions.

Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions and direct the Clerk to attach a copy of the circuit court's January 15, 2016, "Order Summarily Denying Petition for Habeas Corpus Relief" to this memorandum decision.[3]

Affirmed.

**ISSUED:** January 9, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[3]This Court takes no position as to the ultimate outcome of any allegations that petitioner may assert against his habeas counsel. This Court has held that:

> A prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981)